# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC D. CARPENTER,**
**D.O.C. # N03661,**

    **Plaintiff,**

vs.                                       Case No.  4:24cv02-WS-MAF

**OFFICER D. BARWICH,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on January 2, 2024, by submitting a civil rights complaint, ECF No. 1, using the AO form and not the complaint form used in this Court.  In addition, Plaintiff simultaneously provided a notice of change of address, ECF No. 2, an unusual filing at the time of case initiation.

An Order[1] was entered on January 4, 2024, advising Plaintiff that he must either pay the filing fee to proceed with this case, or file a motion requesting leave to proceed with in forma pauperis status.  ECF No. 5.

---

[1] The docket does not show that mail was returned and, thus, it is presumed that Plaintiff received the Order, ECF No. 5.

Plaintiff's deadline to comply with February 5, 2024.  *Id.*  As of this date, nothing further has been received from Plaintiff.  It would appear that Plaintiff has abandoned this litigation.  That assumption is made stronger by the fact that Plaintiff's complaint indicated he was challenging actions of the Defendant which took place on December 19, 2019.  ECF No. 1 at 7.  Plaintiff was informed that because that date is more than four years prior to case initiation, his claims appeared to be barred by the statute of limitations and he was directed to consider whether to pursue his claims.  ECF No. 5.  At this point, Plaintiff has not filed a notice of voluntary dismissal, but he has also not complied with the prior Order either.  Because nothing further has been received from the Plaintiff, this case should now be dismissed without prejudice for failing to prosecute and comply with a Court Order.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962).  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  As explained above, dismissal is appropriate because Plaintiff was forewarned of the consequences of failing to respond to the prior Order, ECF No. 5.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 14, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.